USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08-19-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA ANDERSON,

       Plaintiff,

   - against -

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.

REPORT AND
RECOMMENDATION

12 Civ. 4064 (RJS) (RLE)

**To the HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* Plaintiff Linda Anderson ("Anderson") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, against Defendants New York City Department of Correction ("DOC"), Assistant Deputy Warden Andrea Hall ("Hall"), Captain James Galileo ("Galileo"), and Captain Robert Ellis ("Ellis") (jointly referred to as "City Defendants"), alleging disparate treatment, retaliation, and hostile work environment. Before the Court is City Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons that follow, I recommend that City Defendants' motion be **GRANTED**.

## II. BACKGROUND

Anderson is employed by the DOC as a correction officer. (*See* Compl. at 3.) Anderson indicates that she made several complaints to Hall about how other supervisors mistreated her. (*See id.* at 8.) She specifically complained that her overtime opportunities were limited and that her supervisors removed her from her assigned duties. (*See id.*) Anderson claims that Hall subsequently informed her coworkers of her complaints about overtime and duties, creating a

hostile work environment. (*See id.*) Anderson claims that Hall told her other supervisors, presumably Galileo and Ellis, that "Anderson w[ould] not receive any overtime as long as [Hall was] in [] command." (*Id.*) Thereafter, Anderson claims that (1) she no longer received overtime or training; (2) her duties changed on a daily basis; and (3) her coworkers began to avoid her and not accept her in the workplace, making her uncomfortable. (*See id.*) She claims that the discriminatory acts began in May 2009 and that the acts are still being committed against her. (*See id.* at 3.) Anderson describes the discriminatory conduct as "retaliation" and "unequal terms and conditions of [her] employment." (*Id.* at 2.) She also lists the terms "inequitable treatment," "disparate treatment," "retaliation," and "hostile environment." (*See id.* at 8.) Anderson does not indicate whether the alleged discrimination was based on any of the enumerated categories protected under the statute. (*See id.* at 3.)

On November 10, 2011, Anderson filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received her Notice of Right-to-Sue letter on February 24, 2012. (Compl. at 4-5.) On May 22, 2012, Anderson filed this Complaint pursuant to Title VII of the Civil Rights Act of 1964 against the DOC and against Hall, Galileo, and Ellis, individually. (*See id.* at 1.)

### III.   DISCUSSION

#### A.   Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient fact[s], accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain detailed factual allegations, but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard. *Id.* at 679.

When a plaintiff proceeds *pro se*, the court should apply "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even after *Iqbal*, which imposed heightened pleading standards for all complaints, *pro se* complaints are still to be liberally construed. *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). On a motion to dismiss, a court is generally limited to reviewing the allegations in the complaint and documents attached to it or incorporated by reference. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-54 (2d Cir. 2002). The court may also consider documents necessarily relied upon by the plaintiff in drafting the complaint. *See id.* at 153-54.

**B.     There Is No Personal Liability Under Title VII**

Anderson brings this action against Hall, Galileo, and Ellis in their individual capacities. There is, however, no personal liability under Title VII, even for claims against individuals in a supervisory position. *See Cayemittes v. City of New York Dep't. of Housing Preservation & Dev.*, No. 10 Civ. 8486 (GBD) (THK), 2012 WL 406915, at *2 (S.D.N.Y. Feb. 9, 2012) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010)). Therefore, I recommend that the City Defendants' motion to dismiss Anderson's Complaint against Hall, Galileo, and Ellis in their individual capacities be **GRANTED**.

### C. The DOC Is Not a Suable Entity

Anderson has also named the DOC as a defendant. New York City law provides that all actions "shall be brought in the name of the city of New York and not in that of any agency, except otherwise provided by law." N.Y. City Charter ch. 17 § 396. Because the DOC is an agency within the meaning of the City's Charter, the DOC is not a suable entity. *See, e.g., Toliver v. Dep't of Corrections*, No. 10 Civ. 5806 (SHS), 2011 WL 3368472, at *2 (S.D.N.Y. July 26, 2011) (citing *Adams v. Galletta*, 966 F. Supp. 210, 212 (S.D.N.Y. 1997)). I, therefore, recommend that the City Defendant's motion to dismiss with respect to the DOC be **GRANTED**.

### D. Timeliness Issues With Anderson's Retaliation and Disparate Treatment Claims

Even if this Court were to construe Anderson's claims against the DOC as being properly alleged against the City of New York, the majority of Anderson's disparate treatment and retaliation claims are outside the statute of limitations. In order to bring a federal action for disparate treatment or retaliation under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the allegedly unlawful practice. *See* 42 U.S.C. § 2000e-5(e)(1). Violations outside the 300 day period are actionable if they are part of an ongoing policy or mechanism of discrimination, often referred to as the "continuing violation' exception. *See Chukwueze v. New York City Emp.'s Ret. Sys.*, 891 F. Supp. 2d 443, 451 (S.D.N.Y. 2012) ("*NYCERS*"). First, the continuing violation exception does not apply because each denial of overtime, training, and change in duties are considered individual "discrete acts" against Anderson. *See Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 134-35 (2d Cir. 2003) (holding that a supervisor's denial of an employee's request to consolidate his break time on Fridays to attend prayer was not a "continuing violation" under Title VII); *accord Bazemore v. Friday*, 478 U.S. 385, 395 (1986)

4

(holding that each time the employer unlawfully deducted pay from the employee's paycheck is a "discrete act" and not subject to the "continuing violation" exception).

Anderson also alleges that the mistreatment began in May 2009 and has continued throughout her employment, but does not provide the exact dates in which she applied for but did not receive overtime, training, or when her job duties changed. Thus, it is unclear how many claims Anderson may have accrued, which would be limited to events taken place 300 days before her first EEOC charge.

### E. Anderson Has Failed To Allege Sufficient Facts to Support Her Disparate Treatment Claim

Had Anderson properly sued the City of New York, her actionable disparate treatment claims would fail. To establish a *prima facie* case of disparate treatment, a plaintiff bears the initial burden of establishing that: (1) she is a member of a protected class; (2) had satisfactory job performance; (3) an adverse employment action; and (4) the adverse employment decision was made under circumstances giving rise to an inference of discrimination on the basis of membership in a protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). "A complaint consisting only of assertions and setting forth no specific facts upon which a court could find a plausible violation of Title VII must be dismissed for failure to state a claim." *Maisonet v. Metropolitan Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348-49 (S.D.N.Y. July 29, 2009) (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994)).

Anderson fails to allege facts sufficient to find that she is a member of a protected class. She did not check any box indicating race, gender, sex, national origin, age, color, or religion on the standard form complaint. (*See* Compl. at 3, 8.); *see also Connell v. City of New York*, No. 00

5

Civ. 6306 (SAS), 2002 WL 22033, at *3 (S.D.N.Y. Jan. 8, 2002) (dismissing Title VII claims for the plaintiff's failing to check off boxes that indicated his protected class, and failing to allege any facts that would shed light on his protected class). Based on her name, and because of her *pro se* status, however, the Court will assume that Anderson is a female and, therefore, a member of a protected class.

Even assuming Anderson is a female, and that she suffered an adverse employment action through the denials of overtime, training, and change in work duties, *see Sanders v. New York City Human Resources Admin.*, 361 F.3d 749, 755 (2d Cir. 2004), she fails to provide any evidence to show that her work was satisfactory, and she fails to present any evidence to support an inference of discrimination based on her gender. To establish an inference of discrimination, Anderson would have to provide remarks or actions reflecting a "discriminatory animus" or show that her male counterparts were given preferential treatment. *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007). Anderson fails to provide facts to support her claim of disparate treatment in violation of Title VII.

**F.     There Are Insufficient Facts to Support a *Prima Facie* Case of Retaliation**

Assuming Anderson's allegations were properly plead against the City of New York, her retaliation claim would also fail. Retaliation claims brought pursuant to Title VII are analyzed under the *McDonnell Douglas* burden-shifting framework. *Jute v. Hamilton Sunstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). "In order to establish a *prima facie* case of retaliation, an employee must show: (1) he engaged in protected activity; (2) his employer was aware of that activity; (3) the employer took a materially adverse action; and (4) a causal connection between the protected activity and the adverse action." *Kelly v. Howard I. Shapiro & Assoc. Consulting Engs., P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). In the Supreme Court's recent decision in

*University of Texas Southwestern Medical v. Nassar*, __ U.S. __, 133 S.Ct. 2517, 2533 (2013), the Court stated that establishing a causal connection requires a plaintiff to show that the desire to retaliate was the "but-for" cause of the challenged employment action.

Anderson fails to allege any facts to suggest that she reasonably believed she was complaining about prohibited activity under Title VII. To establish "participation in protected activity, the plaintiff need not establish that the conduct she opposed was actually a violation of Title VII, but only that she possessed a 'good faith, reasonable belief that the underlying employment practice was unlawful' under that statute." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998). "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances." *Id.* Anderson has failed to allege any facts to suggest that the supposedly discriminatory actions were motivated by gender or any other enumerated factor within the statute. She only claims that she made several complaints to Hall about being denied overtime, training opportunities, and that her duties changed daily. (Compl. at 8.) Anderson does not provide any additional facts for the Court to assess the reasonableness of her beliefs and whether she thought that the adverse actions were in violation of Title VII.

Anderson's complaints also failed to provide notice to Hall or other supervisors of the discriminatory nature of her complaints. "In regards to the second prong, implicit in the requirement that the employer have been aware of the protected activity is the requirement that the employer understood, or reasonably could have understood, that the plaintiff's opposition was directed at conduct prohibited under Title VII." *Galdieri-Ambrosini*, 136 F.3d at 292. Generally, informal complaints to supervisors or managers must be sufficiently specific to ensure that an employer knows that the alleged misconduct is prohibited by Title VII. *See Risco*

7

*v. McHugh*, 868 F. Supp. 2d 75, 100 (S.D.N.Y. 2012). Here, Anderson's informal complaints to Hall, while specific in the sense that they alerted Hall to Anderson's concerns about overtime, training opportunities, and her daily assigned duties, they did not put Hall on notice of conduct prohibited under Title VII. Therefore, Anderson fails to establish a *prima facie* case of retaliation.

### G. There Are Insufficient Facts to Establish a Plausible Hostile Work Environment Claim.

Anderson alleges that as a result of her several complaints to Hall that she was subjected to a hostile work environment. Similar to retaliation and disparate treatment claims, a "[h]ostile work environment claim[ is] analyzed within the three-part burden-shifting framework laid out by *McDonnell Douglas*." *Garcon v. Starwood Hotels and Resorts Worldwide, Inc.*, No. 10 Civ. 5720 (PAC) (RLE), 2012 WL 7149 433, at *7 (S.D.N.Y. Sept. 27, 2012). To establish a *prima facie* hostile work environment claim under Title VII, "a plaintiff must demonstrate (1) a defendant's conduct was objectively severe or pervasive so as to create an environment that a reasonable person would find hostile and abusive, (2) that he subjectively perceived the environment to be hostile or abusive, and (3) defendants created said environment because of plaintiff's protected status." *Gutierrez v. City of New York*, 756 F. Supp. 2d 491, 511-12 (S.D.N.Y. 2010); *see Patane v. Clark*, 508 F.3d 687, 691-92 (2d Cir. 2011). A hostile work environment is created "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Serv., Inc.*, 522 U.S. 75, 78 (1998) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)). Because a hostile work environment claim "is composed of a series of separate acts that collectively

constitute one 'unlawful employment practice,' it does not matter that some of the component acts fall outside the statutory time period." *Morgan*, 536 U.S. at 103. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile work environment may be considered for the purposes of determining liability." *Id.*

Assuming, *argendo*, that Anderson satisfies the objective and subjective components of the analysis, she does not sufficiently plead facts suggesting that she suffered from a hostile work environment because of any protected characteristic. To establish a claim for hostile work environment, a plaintiff must demonstrate that she was subjected to hostility because of her membership in a protected class. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007). As previously discussed, not only did Anderson fail to indicate whether the discrimination is based on any of the enumerated protected traits under Title VII, but she has also failed to make any factual allegations that she was subject to discrimination-based intimidation or ridicule based on these traits. Even considering her protected characteristics as a woman, there is no indication that her gender was a motivating factor in the creation of the alleged hostile work environment. Accordingly, her allegations are insufficient to support a hostile work environment claim.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that the City Defendants' motion to dismiss be **GRANTED**, but that Anderson be given leave to amend her complaint to correct the deficiencies in her Complaint.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of

the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Sullivan, 40 Foley Square, Room 2104, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: August 19, 2013**
**New York, New York**

**Respectfully Submitted,**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

<u>Pro se Plaintiff</u>
Linda Anderson
229-08 148th Ave.
Laurelton, NY 11413

<u>Counsel for Defendant</u>
Benjamin John Traverse
New York City Law Department
100 Church Street
New York, NY 10007